**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JESSICA DAWN SIMMONS,      )
                                          )

       Plaintiff,          )
                                          )

       v.                 )
                                          )     C.A. No.: N22C-11-202 CEB

CHASITY ZIMATH and      )
DELORES VOIERS,         )
                                          )

       Defendants.      )

Submitted: April 23, 2025
Decided: June 11, 2025

## ORDER

1.      The Court thanks the parties for their post-motion submissions in this matter, seeking to clarify questions the Court had after reading their initial briefs on summary judgment.

2.      As briefly as it can be put, the Plaintiff was a houseguest of the tenant. Plaintiff and the tenant were both quite familiar with the dog in question – far more familiar than the tenant's grandmother, who was also the owner of the property. Apparently, the dog had been owned by a recently deceased friend of both the tenant and the Plaintiff and the dog was, at that time, without a stable owner or residence.

3.      Grandmother had a handyman, Paul Dougherty, who did odd jobs for her for many years, including the care and upkeep of the rental house. Handyman saw the dog on the property. He was familiar with the dog and didn't like it. He told

the tenant the dog had to go, and, so far as he knew, the tenant did so and the dog was no longer on the premises.[1] Whether grandmother ever got the word about any dog on the premises is disputed, although it is undisputed that grandmother was gravely ill in the hospital during all the events in question.[2]

4. While tenant was away from the property one day, Plaintiff was engaged with the dog and the dog bit her on the face. She has sued her friend the tenant, and grandmother, the property owner. The allegation is a failure to control a vicious animal.

5. So, there are questions about whether the grandmother "knew" there was a vicious animal being kept on the property. Plaintiff says she heard the tenant tell her grandmother the dog was there[3] – a fact denied by grandmother.[4] Then there is the question of imputing knowledge of the handyman to the grandmother, which has both legal and factual elements embedded in it.[5] There are questions concerning

---

[1] D.I. 59 Ex. D. Dep. of Paul Dougherty (Sept. 17, 2024) at 10, Transaction ID 74999626.

[2] D.I. 59 Ex. D. Dep. of Delores Voiers (Apr. 2, 2024) at 24, Transaction ID 74999626.

[3] Plaintiff Simmons testified that Defendant Voiers knew of the dog. D.I. 59 Ex. B. Dep. of Jessica Dawn Simmons (Sept. 29, 2023) at 77, Transaction ID 74999626 [hereinafter Dep. of Simmons].

[4] Defendant Voiers declared that she has "never seen the dog involved in this incident nor do I have any first hand knowledge regarding the ownership of said dog." D.I. 59 Ex. E. Declaration by Delores Voiers at 1 (Mar. 26, 2023), Transaction ID 74999626 [hereinafter Declaration by Voiers].

[5] "Thus, if Dougherty, as her [Defendant Voiers] agent, knew of the dog's dangerous tendencies, then Voiers also knew, as a matter of law." D.I. 62 Pl.'s Response in Opp'n to Def.'s Mot. for Summ. J. (Dec. 16, 2024) at 7, Transaction ID 75229076.

the dog's residence and who, if anyone, had a duty to control it.[6] There are questions as to what grandmother's duty of care is – the Plaintiff was bitten within days of the dog's arrival at the property – especially when Plaintiff was substantially more familiar with the dog than grandmother was. Finally, there are questions about Plaintiff's own contributory negligence in engaging with the animal as if it was a tame plaything and not the dangerous animal it is characterized as in the pleadings.

6. Were the Court to grant Defendant's motion for summary judgment, the Court would be required to engage in fact finding. Summary judgment is only appropriate when there are no material facts in dispute.[7] Here, there are many. It remains to be seen whether Plaintiff's case will ultimately get to a jury, but the Court cannot remove it from the docket based only on the disputed testimony in depositions. Defendant's motion for summary judgment is **DENIED** without prejudice.

**IT IS SO ORDERED.**  **/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc: File&ServeXpress
Chasity Zimath

---

[6] Defendant Voiers testified, "the dog that allegedly bit the Plaintiff did not belong to me, nor did I have any knowledge that the dog was on the premises." Declaration by Voiers at 1. But Plaintiff Simmons testified Defendant Voiers knew of the dog. Dep. of Simmons at 77.

[7] *US Dominion, Inc. v. Fox News Network, LLC*, 293 A.3d 1002, 1034 (Del. Super. 2023).